UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN J.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 2:19-cv-01799

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

## I.  ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly develop the record?

## II.  BACKGROUND

Plaintiff filed three disability claims in 2005, 2010, and 2013, all of which were denied either at the hearing level or by the Social Security Appeals Council. AR 221.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

On December 11, 2014, Plaintiff filed a new claim for SSI, alleging a disability onset date of September 8, 2014. AR 192. Plaintiff amended her disability onset date to December 11, 2014. AR 109. Plaintiff's application was denied initially and upon reconsideration. AR 192. A hearing was held before Administrative Law Judge ("ALJ") Larry Kennedy on November 12, 2015. AR 99-149. On June 22, 2016, ALJ Kennedy issued a decision finding that Plaintiff was not disabled. AR 189-211. On September 8, 2016, the Appeals Council denied Plaintiff's request for review. AR 221. On April 17, 2017, this Court issued an order affirming ALJ Kennedy's decision. AR 248-65.

On December 13, 2016, Plaintiff filed a new application for SSI, this time alleging a disability onset date of January 10, 2006. AR 85, 349-57. Plaintiff amended her disability onset date to December 13, 2016. AR 153-54. Plaintiff's application was denied initially and on reconsideration. AR 85, 268-76, 281-87. A hearing was held before ALJ Stephanie Martz on August 23, 2018. AR 150-88. On October 10, 2018, ALJ Martz issued a decision finding that Plaintiff was not disabled. AR 82-93. On September 9, 2019, the Appeals Council denied Plaintiff's request for review. AR 1-7.

Plaintiff seeks judicial review of ALJ Martz's October 10, 2018 decision. Dkt. 2.

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found there was no change in Plaintiff's condition between June 22, 2016, the date of the prior ALJ's decision, and December 2017, when Plaintiff exhibited worsening pain in her back, thigh, and foot, and an MRI of Plaintiff's lumbar spine revealed a bulging, extruded disc with nerve root impingement. AR 85-86.

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right knee, asthma, and beginning in December 2017, lumbar radiculopathy. AR 88. The ALJ also found that Plaintiff had the non-severe impairment of alcohol use, in remission. *Id.*

Based on the limitations stemming from Plaintiff's severe and non-severe impairments, the ALJ found that between Plaintiff's amended onset date of December 13, 2016 and November 30, 2017, Plaintiff could perform medium work with a range of postural and environmental limitations. AR 89. The ALJ found that beginning in December 2017, Plaintiff could perform light work, with identical postural and environmental limitations. *Id.*

Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work; therefore the ALJ determined at step four of the sequential evaluation that Plaintiff was not disabled. AR 92-93.

### A.   Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff contends that the ALJ erred in discounting an opinion from Plaintiff's treating physician, Ellen Kim, M.D. Dkt. 12, pp. 2-9.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983))

Dr. Kim provided an opinion concerning Plaintiff's physical limitations on October 20, 2016. AR 458-59. Dr. Kim diagnosed Plaintiff with lumbar disc disease, fibromyalgia, and arthritis of the knees, and opined that the symptoms associated with these impairments would "constantly" interfere with Plaintiff's ability to maintain attention and concentrate at work, resulting in unscheduled breaks every 20 minutes. AR 458. Dr. Kim further opined that Plaintiff could sit for one hour in an eight-hour day, and stand and/or walk for less than 30 minutes. *Id.* Dr. Kim added that Plaintiff could occasionally lift and carry up to 10 pounds, would have a range of manipulative limitations, and would likely be absent from work more than four times per month due to her impairments. AR 458-59.

The ALJ assigned "little weight" to Dr. Kim's opinion, reasoning that: (1) the severe degree of limitation reflected in Dr. Kim's opinion is inconsistent with Plaintiff's statements about her activities to an investigator from the Cooperative Disability Investigations Unit ("CDIU") in February 2016; and (2) another examining source, Kirsten Nestler, M.D., suspected that Plaintiff was exaggerating her mental health symptoms. AR 92.

With respect to the ALJ's first reason, a conflict between a treating physician's opinion and a claimant's activity level can serve as a specific and legitimate reason for rejecting the opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

Here, the ALJ found that Dr. Kim's opinion concerning Plaintiff's lifting, standing, walking, and sitting limitations was inconsistent with Plaintiff's statements and presentation to a CDIU investigator, where she stated that she performs "all the house cleaning, cooking, laundry, and shopping for her family", has no difficulty riding the bus "all the time", and was "babysitting weekly and has been for approximately fifteen months." AR 92, 696-98. The ALJ's reasoning is supported by the CDIU investigator's observations, which also indicate that Plaintiff had no difficulties with ambulation or carrying large shopping bags, and was looking for work in Alaska. AR 695, 697.

Plaintiff contends that the ALJ erred by relying on the CDIU report, which was completed by two investigators who do not have medical training. Dkt. 12, p. 6, n. 2. An ALJ may rely upon the findings of CDIU investigators in assessing a claimant's testimony, and the ALJ did not err in relying on this evidence in discounting Dr. Kim's opinion. *See Richards v. Berryhill*, 713 Fed. Appx. 545, 548 (9th Cir. 2017) ("The ALJ did not err by giving great weight to the evidence and testimony submitted by the Cooperative Disability Investigation Unit."); *Elmore v. Colvin*, 617 Fed. Appx. 755, 757 (9th Cir. 2015) (Rejecting argument that the ALJ improperly relied upon a CDIU investigation, noting "the Social Security Act expressly authorized the Commissioner to conduct such investigations.")

While the ALJ has provided an additional reason for discounting Dr. Kim's opinion, the Court need not assess whether these reasons were proper, as any error

would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

Accordingly, the ALJ has provided a specific and legitimate reason for discounting Dr. Kim's opinion.

B. <u>Whether the ALJ should have further developed the record</u>

Plaintiff contends that the ALJ erred by not ordering a consultative examination to re-assess Plaintiff's impairments given that the ALJ found that Plaintiff's back impairment worsened in December 2017. Dkt. 12, pp. 9-11.

The ALJ has an independent duty to fully and fairly develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).

Plaintiff contends that the erred by not ordering an additional consultative examination because the most recent opinion the ALJ relied upon, a July 2017 opinion from non-examining state agency consultant Howard Platter, M.D. which assessed Plaintiff as being able to perform medium work with a range of postural and

environmental limitations, is stale, and does not accurately capture Plaintiff's worsening condition as of December 2017. Dkt. 12, pp. 9-11.

The ALJ gave "great weight" to Dr. Platter's opinion, but acknowledged that Dr. Platter did not have access to the most recent MRI and documentation of improvement after Plaintiff's 2018 microdiscectomy. AR 92.

Social Security regulations and Ninth Circuit case law establish that an ALJ has broad latitude in determining when to order a consultative examination. *See* 20 C.F.R. § 404.1519a(b); *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) ("An ALJ has broad discretion in determining whether to order a consultative examination and may do so when 'ambiguity or insufficiency in the evidence ... must be resolved'").

Here, the ALJ's conclusion that Plaintiff's condition worsened after December 2017, rendering her capable of performing light rather than medium work, is supported by substantial evidence, and the Court cannot say that the ALJ erred by not ordering an additional consultative examination.

C. <u>Additional evidence</u>

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 8-76. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not relate to the period at issue. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the

district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

Here, the evidence in question consists of treatment notes from 2019 detailing Plaintiff's back and left leg impairments. AR 8-76. If Plaintiff's condition worsened after the ALJ's October 2018 decision, the proper course is for Plaintiff to file a new application and present new evidence so the agency can ascertain whether Plaintiff's conditions were disabling after the ALJ issued his decision.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 21st day of December, 2020.

Theresa L. Fricke
United States Magistrate Judge